IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01372-BNB

DAVID EARL ANTELOPE,

    Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2008

GREGORY C. LANGHAM
                   CLERK

## ORDER OVERRULING OBJECTION

This matter is before the Court on the Motion for Reconsideration that Mr. Antelope, a federal prisoner housed in the State of Colorado, filed with the Court on July 23, 2009. In the Motion, Mr. Antelope objects to Magistrate Judge Boyd N. Boland's July 14, 2008, Order that construes the claims he asserts in his 28 U.S.C. § 2241 Application as conditions of confinement claims and directs Mr. Antelope to submit his claims in a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court will construe the Motion liberally as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the Objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Mr. Antelope asserts in the Objection that the United States Bureau of Prisons has failed to place him in an appropriate facility as mandated under 18 U.S.C. § 3621(b), and his sentence is

being executed improperly. In support of his claims, Mr. Antelope has attached a copy of the "Imprisonment" section of the judgment entered by the sentencing court in his criminal case. Under the Imprisonment section, the sentencing court recommended that Applicant be examined and "perhaps confined for a period of time at the Federal Medical Facility in Rochester, Minnesota or Springfield, Missouri."

It is well established that a federal prisoner's place of confinement is not part of the sentence imposed by the United States District Court but is instead a matter which the Attorney General, and now the BOP, has authority to determine. *See Prows v. Federal Bureau of Prisons,* 981 F.2d 466, 468-69 n. 3 (10th Cir. 1992) (BOP, under 18 U.S.C. 3621(b), exercises jurisdiction over placement of prisoners, replacing the Attorney General as the entity vested with such authority), *cert. denied,* 51 U.S. 830 (1993). It also is well established that a prisoner generally has no constitutional right to placement in any particular penal institution. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (prisoner has no constitutional right to be incarcerated in any particular facility or state). A recommendation by a sentencing court for placement of a defendant, therefore, does not override the BOP's authority under § 3621(b) to determine proper placement of its prisoners.

Mr. Antelope is requesting a transfer to a BOP medical facility where his psychiatric and mental health issues may be treated. Mr. Antelope's claims do not challenge the execution of his sentence. To the extent that he asserts a violation of his constitutional rights due to the conditions of his confinement, his claims properly are presented to this Court in a *Bivens* action.

The Court concludes that Magistrate Judge Boland's July 14, 2008, Order is neither clearly erroneous nor contrary to law. Mr. Antelope's liberally construed Objection will be overruled. Accordingly, it is

ORDERED that the Motion for Reconsideration, (Doc. No. 8), filed on July 23, 2008, is construed liberally as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), and is overruled. It is

FURTHER ORDERED that Mr. Antelope has **thirty days from the date of this Order** to comply with the July 14, 2008, Order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Antelope fails to comply with the July 14, 2008, Order, within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 30 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01372-BNB

David Earl Antelope
Reg. No. 07408-059
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/31/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk